come a bankrupt. In this case the conveyance made by *Brown* was not voluntary, but produced by the application of the Messrs. *Pleasants* for a transfer of bank stock, which they were entitled to, and the refusal of *Brown* to comply with his engagement, or to make any provision to indemnify them, would have subjected him to an action at law, or bill in chancery for a specific execution of his contract, and in that point of view the application of the Messrs. *Pleasants* must be considered as importunate and pressing.

The court reverse the judgment of the court below, this court dissenting from the opinions expressed in both of the bills of exceptions, and awarded a *procedendo.*

JUDGMENT REVERSED, &c.

1810.
M‘Evoy
vs
The Mayor, &c.

---

M‘EVOY, *et al.* vs. THE MAYOR, &c. OF BALTIMORE.   DECEMBER.

APPEAL from *Baltimore* County Court. This was an action of debt, brought in the name of *The Mayor and City Council of Baltimore*, at the instance and for the use of *The Trustees of the Roman Catholic Church, in the Town of Baltimore*, against the defendants, (now appellants.) The facts as agreed upon were these: It is admitted that the bond stated in the declaration was duly executed by the defendants to the plaintiffs, on the 7th of December 1802, reciting, that "whereas the above bound *James M‘Evoy* hath obtained from the mayor of the city of *Baltimore* a license of admission to use and execute the office and employment of a broker within the city of *Baltimore.* Now the condition of this obligation is such, that if the above bound *James M‘Evoy*, do and shall well and faithfully execute and perform the office and employment of a broker, between party and party, without fraud, collusion, imposition, or any crafty or corrupt devices, and do and shall faithfully execute every trust committed to him as broker, then this obligation to be void," &c. The bond was thus endorsed: "Approved Decr. 7, 1802. *Jas. Calhoun*, Mayor," &c. It is admitted that the said *James M‘Evoy* received the tickets expressed in the following receipt, viz. "Balto. Sepr. 12, 1803. Recd. of *Fras. Beeston*, one hundred tickets to the *Roman Catholic Cathedral Church* Lottery, numbered from No. 10601 to 10700,

In a debt on a bond given by a broker in the city of *Baltimore.* The replication to the plea of general performance, set out the ordinance for the admission and regulation of brokers; also the appointment of the broker, &c. & the act incorporating the *Roman Catholic Congregation*, at whose instance and for whose use, the action was brought. Also the act authorising a lottery for the benefit of the congregation, and the delivery to the Broker of 100 lottery tickets in the lottery, amounting to $1000, to be sold by him for the benefit of the congregation. Breach, that he sold the tickets, and did not account therefore. The defendants rejoined payment, and on the trial, it was admitted that after the tickets had been sold, the Broker gave a promissory note to the agent of the congregation for the amount due, and the agent gave the Broker a receipt for the note, expressing that the note when paid, should be considered as a full payment of the money due for the tickets; and that the note had not been paid. *Held*, that the plaintiffs might recover in this action.

1810.

Kennedy
vs
M'Fadon, &c

both included; for which I promise to be accountable. *James M'Evoy,* Broker." That the said *M'Evoy* sold the said tickets before the 8th of October 1804, for the sum of $1000. That after the said tickets had thus been sold, the said *James M'Evoy* gave the following promissory note for the payment of the said sum of money. "$1000. *Baltimore,* Octo. 8, 1804. Thirty days after date, I promise to pay the Revd. *Francis Beeston,* or order, one thousand dollars, for value received. *James M'Evoy.*" That at the time of receiving the said promissory note the said *Francis Beeston,* who was the agent of the said *Trustees of the said Roman Catholic Church,* gave to *James M'Evoy* a receipt for the said note, expressing that the said note, when paid, should be considered as a full payment of the money received for the said tickets; and that the said promissory note hath not been paid. The county court gave judgment for the plaintiffs. From that judgment the defendants appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, GANTT, and EARLE, J.

*Winder,* for the Appellants, contended, that taking the promissory note released the bond entered into as broker. That it was an indulgence granted to the principal in the bond, by which the sureties were released. He also contended, that the act of 1796, *ch.* 68, incorporating the city of *Baltimore,* did not take in the case of brokers, so as to entitle any person to recover on their bonds.

*Harper,* for the Appellees.

JUDGMENT AFFIRMED.

———————————

DECEMBER.

KENNEDY VS. M'FADON & CATON.

A and B, with other persons since deceased, had been engaged, as copartners, in certain proportions, in many

APPEAL from. *Baltimore* County Court. This was an action of *assumpsit* for money had and received; for money laid out and expended; for money lent and advanced; for

mercantile adventures and speculations, which continued for several years, of which no liquidation or settlement between them had taken place; and among which they were joint owners, in the said proportions, of a brig and cargo, which were captured, and by decree of the Vice-Admiralty court, were restored free from salvage: but an appeal being interposed by the captors, it was necessary, in order to retain the property for the owners, to give security to abide the final decree on the appeal, and O and P became sureties for them. The vessel and cargo returned, and came to the possession of B, and the other partners, who disposed of the same. After which the sentence of the Vice-Admiralty court was reversed and it was decreed that salvage should be paid, and it was paid by O and P, who brought suit against A and B, and the other partners, and obtained judgment, which was paid by A, he being the only solvent partner, the others having been declared bankrupts A brought an action of *assumpsit* against B, who had survived the other partners, to recover of him the proportion which he ought in justice and equity to contribute,—*Held,* that A was not entitled to recover in such action.